## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cr-0048 |
| | ) | |
| KHARIM MOORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### <u>ORDER</u>

**BEFORE THE COURT** is the is the motion of Kharim Moore ("Moore") to continue the January 25, 2021 trial in this matter. (ECF No. 17.) For the reasons stated herein, the time to try this case is extended up to and including April 26, 2021.

On December 4, 2020, the United States filed an information against Kharim Moore charging him with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). At Moore's arraignment, the magistrate judge scheduled the trial for January 25, 2021.

On January 4, 2021, Moore filed a motion to suppress evidence. (ECF No. 17.) That motion also requests that the Court hold the motion to suppress in abeyance and continue the trial in this matter. As a basis for these requests, Moore asserts that *United States v. Baxter*, Case No. 3:17-CR-24 at ECF No. 161 (D.V.I. Nov. 26, 2018), which is pending before the United States Supreme Court on a petition for *certiorari*, forms the basis for his motion to suppress. *Id.* at 2. Moore concedes that the Third Circuit decision in *United States v. Baxter*, 951 F.3d 128 (3d Cir. 2020), forecloses relief on his motion to suppress should the Supreme Court not grant *certiorari* and reverse the Third Circuit. *Id.* at 2-3. As such, "based on the possibility that the Supreme Court may grant *certiorari* in *Baxter* and ultimately reverse the Third Circuit decision in that case," *id.* at 3, Moore requests that this Court hold his motion to suppress in abeyance pending resolution of the Supreme Court proceedings in *Baxter*. Moore further requests a continuance of the January 25, 2021 trial date. Moore argues that granting his requests would prevent piecemeal and repeated litigation in this matter,

*United States v. Moore*
Case No. 3:20-cr-0048
Order
Page 2 of 3

thereby conserving judicial resources. *Id.* Finally, Moore asserts that a continuance is also necessary based on the need for additional time to review discovery, investigate the facts of this case, and conduct additional legal research. *Id.* at 3-4.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow Moore time to review the discovery in this matter. Second, an extension of time is necessary to allow Moore's counsel time to investigate the facts of this case and conduct legal research. Third, without an extension, Moore would be denied reasonable time necessary to properly prepare for trial in consultation with her counsel. Finally, an extension of time is necessary to avoid piecemeal litigation and the waste of judicial resources in this matter.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered, it is hereby

**ORDERED** that Moore's motion to hold his motion to suppress in abeyance and continue the trial in this matter, ECF No. 17, is **GRANTED**; it is further

**ORDERED** that Moore's motion to suppress, ECF No. 17, is **HELD IN ABEYANCE** pending resolution of the Supreme Court proceedings in *Baxter*; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 26, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the trial in this matter previously scheduled for January 25, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on April 26, 2021, in St. Thomas Courtroom 1; it is further

**ORDERED** that the parties shall file and serve a pre-trial brief no later than April 9, 2021, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that a telephonic final pretrial conference in this matter is hereby **SCHEDULED** to commence promptly at 10:00 A.M. on April 15, 2021, before District Judge Robert A. Molloy. Call-in information shall be provided to the parties prior to the conference; and it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 21, 2021.[1]

**Dated:** January 13, 2021

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Any trial exhibits the Defense intends to offer shall be labelled sequentially beginning with Defense Exhibit A.